```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KAYLIN GUZMAN,
                        Plaintiff,              ECF CASE:

            -against-                            **COMPLAINT**

                                                 **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK and POLICE OFFICER JOSE
MEJIA,

                        Defendants.
----------------------------------------X
```

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this Court deems equitable and just.

### JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same

case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

6. Plaintiff is a citizen, resident, and was otherwise lawfully in the United States at the time of the events complained of herein.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the areas of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendant Police Officer Jose Mejia, shield # 21146 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agent of defendant THE CITY OF NEW YORK. Defendant Police Officer Mejia was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with

the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

## NOTICE OF CLAIM

9. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

10. That a 50-h hearing was taken of plaintiff on 10/4/13 conducted by the Defendants THE CITY OF NEW YORK.

11. This action is being commenced within (1)one year and (90) ninety days from the date of the incident herein.

## STATEMENT OF RELEVANT FACTS

12. That on May 15, 2013 at approximately 9:30 a.m. plaintiff was lawfully walking on her way to the "A" train subway station at Broadway and Junction, East New York when she was approached by a police officer who asked for identification. Plaintiff did not have identification.

13. Plaintiff was taken to a bus with other students to be transported to school.
As plaintiff stood to exit the bus, Police Officer Jose Mejia threw her down to her seat and while handcuffing her caused her to sustain injury to her head and shoulder.

14. Police Officer Jose Mejia, inappropriately frisked plaintiff and used excessive force twisting plaintiff's arm while pushing her into the seat.

15. Plaintiff complained her handcuffs were placed too tightly causing damage to both her wrists and hands.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

16.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

17.     By their conduct and actions in arresting plaintiff, by violating the arrested's Fourteenth Amendment rights to equal protection, by using excessive force, by causing personal injury, by detaining plaintiff for an excessive amount of time, by detaining plaintiff under cruel and inhumane conditions, defendant Police Officer acted under the color of law and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

18.     As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

19.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

20.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendant, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, including: (a) the arrest and fingerprinting of the plaintiff; (c) the unreasonably long detention of plaintiff; (d) the infliction of pain and suffering upon plaintiff , including the use

of excessive force, keeping plaintiff in handcuffs for extended periods of time, and other means of inflicting pain and discomfort. Each such policy, practice, custom and usage caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

21. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM
### NEGLIGENCE

22. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

23. Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff. The acts of conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

24. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages in the amount of $10,000,000.00;

    b. Punitive Damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Pre and post-judgment costs, interest and attorneys' fees;

e. Such other and further relief as to this Court may deem appropriate and equitable.

Dated: New York, New York
April 29, 2014

Yours etc.,

**ISAACSON, SCHIOWITZ & KORSON, LLP.,**
Attorneys for Plaintiff

By: _____
JEREMY SCHIOWITZ, ESQ. (JS 5939)
150 Broadway - Suite 1600
New York, New York 10038
Tel. No.: (212) 267-6557

## **ATTORNEY VERIFICATION**

The undersigned, an attorney duly admitted to practice in the courts of New York State, hereby affirms that I am the attorney of record for the plaintiff in the within action; I have read the foregoing **COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by plaintiff is because the plaintiff does not reside in the county in which my office is located.

The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records and memoranda in my file, conversations had with the clients, and my own investigation.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
      April 29, 2014

_____
JEREMY SCHIOWITZ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X          ECF Case:
KAYLIN GUZMAN,

                                 Plaintiff,

    -against-

THE CITY OF NEW YORK and POLICE OFFICER
JOSE MEJIA,

                              Defendants.
------------------------------------------------------------------------X


# COMPLAINT

ISAACSON, SCHIOWITZ & KORSON, LLP
Attorneys for Plaintiff
150 Broadway, Suite 1600
New York, NY 10038-4494
Tel No. 212-267-6557
Fax No. 212-240-0365